■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN McINTYRE, Appellant.— Defendant appeals from (1) two judgments of the Supreme Court, Kings County, one rendered October 2, 1967, imposing sentence for murder in the first degree, and one rendered December 6, 1967, imposing sentence for robbery in the first degree, and (2) an order of said court, dated September 28, 1967, which denied his motion to set aside the verdict of the jury and for a new trial. Judgments and order reversed, on the law and the facts and in the interests of justice, and new trial ordered. Insofar as the reversal is on the facts, it is limited to the findings of fact of the trial court which were made on defendant's said motion, after a post-trial hearing. The findings of fact of the jury are affirmed. We agree with appellant that his interrogation by the police after he had once invoked his Fifth Amendment privilege and while he was in custody without counsel was improper (*Miranda* v. *Arizona*, 384 U. S. 436, 473–474). We see no distinction of substance in the fact that the prior invocation of the privilege was made in connection with a request for a statement as to a different crime. The coercive pressures of custodial interrogation do not cease merely because the subject matter of the interrogation changes (cf. *Westover* v. *United States*, 384 U. S. 436; *United States* v. *Slaughter*, 366 F. 2d 833, 843). In our opinion, however, a careful reading of *Miranda* and *Westover* indicates that a statement obtained as a result of such improper interrogation may nevertheless be admissible if the prosecution sustains the heavy burden of demonstrating a knowing and intelligent waiver (*Miranda* v. *Arizona, supra*, p. 475). In the instant case, it was established that appellant had been fully warned of his constitutional rights three times before the interrogation began. He had been in custody then only about four hours. The record indicates that this period was not spent in isolation or under continuous questioning (*People* v. *Leonti*, 18 N Y 2d 384, 391, cert. den. 389 U. S. 1007). It also establishes that, although appellant had invoked his privilege when initially asked about the September 5 robbery, he shortly after that made an oral inculpatory statement to Officer Raffa about that crime. Before the interrogation began, he was confronted with a witness who identified him as being in the grocery store at about the time the robbery and felony murder were committed. He was not a stranger to law enforcement officers, having been convicted of robbery in North Carolina, having served time there and having escaped from prison (cf. *People* v. *Carbonaro*, 21 N Y 2d 271, 278; *People* v. *Bodie*, 16 N Y 2d 275, 279). He had one year of college education (cf. *Clewis* v. *Texas*, 386 U. S. 707, 710–712; *Davis* v. *North Carolina*, 384 U. S. 737, 742–751). Under all these circumstances, we think it was established that appellant knowingly and intelligently had waived his rights and that his inculpatory statement was properly receievd in evidence. We also think, however, that enough was adduced at the post-trial hearing to warrant a new trial (*People* v. *Leonti*, 262 N. Y. 256; *People* v. *Whitmore*, 45 Misc 2d 506, 520; cf. *People* v. *Burney*, 20 A D 2d 617; *State* v. *Roberts*, 47 N. J. 286). Although one seeking to set aside an adjudicatory process normally has the burden of showing essential unfairness as a demonstrable reality and not as a matter of speculation (*Stroble* v. *California*, 343 U. S. 181, 198), there are situations so laden with the probability of prejudice

that they are deemed inherently lacking in due process (cf. *Sheppard* v. *Maxwell*, 384 U. S. 333, 352; *Estes* v. *Texas*, 381 U. S. 532; *Turner* v. *Louisiana*, 379 U. S. 466, 473; *People* v. *De Lucia*, 20 N Y 2d 275, 280). As noted in *Matter of Murchison* (349 U. S. 133, 136), " our system of law has always endeavored to prevent even the probability of unfairness." Although there was ample evidence of defendant's guilt, " the image of justice would be better served by a new trial" (*State* v. *Roberts, supra,* p. 291). Beldock, P. J., Christ, Brennan, Rabin, and Benjamin, JJ., concur.