**UNITED STATES of America,**
**Appellee,**

v.

**Robert PRICE, Appellant.**
**No. 807, Docket 35595.**

United States Court of Appeals,
Second Circuit.

Argued April 14, 1971.

Decided April 30, 1971.

Henry Putzel, III, John R. Wing, Ross Sandler, Asst. U. S. Attys., Whitney North Seymour, Jr., U. S. Atty., for appellee.

David Blackstone, New York City, for appellant.

Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.

WATERMAN, Circuit Judge:

Appellant was convicted of unlawful possession of a package stolen from the Post Office in violation of 18 U.S.C. § 1708. On this appeal he urges that a package taken from him and certain statements made by him to the arresting officer at the time of his arrest should have been suppressed, and should not have been introduced into evidence at his trial, a trial conducted before Judge Pollack, sitting without a jury.

The evidence adduced at trial shows that around 11 P.M. on June 27, 1970, Sergeant Lively and Patrolman Toscano of the New York City Police Department observed appellant and one Louis Jones walking quickly down the street away from a Post Office with packages under their arms. No stores were open in the area, and the Post Office was closed to the public, but a loading platform and four truck bays in the Post Office were open at all hours, and the police had previously been advised to give special attention to thefts from the postal trucks in these truck bays.

After a brief conversation, Price and Jones parted and went in opposite directions. While Jones was walking quickly away and tearing open his package, the officers pulled their car alongside him and ordered "Hold it, Police." Jones threw down his package and made an effort to flee, but was stopped by Sergeant Lively who picked up the package, examined it, and said, "This is from the Post Office." After placing Jones under arrest and searching him, Lively told Toscano, "Frank, it's Post Office, get the other one."

Toscano ran after Price and caught up with him approximately three blocks away. He ordered, "Hold it, Police," and approached Price with drawn revolver held at his side. Toscano asked, "What's in the package?" Price replied, "A bunch of radios." Toscano asked if the package were stolen, and Price answered that he had bought it from a junkie for $5.00. Price was then arrested and given *Miranda* warnings, and Toscano took the package.

On June 29, 1970 Price was taken before an Assistant United States Attorney who advised him of his rights and asked him about the events on the evening of June 27. Price stated that he had been drinking with Jones and that at approximately 11:00 P.M. they saw two parcels against a fence. They knew that the parcels belonged to somebody but each picked up a parcel and each headed off in an opposite direction.

At trial Price's testimony on the witness stand paralleled the story he had told to the Assistant United States Attorney, and by stipulation evidence also was introduced indicating that the package carried by Price had been stolen from the mails. Toscano testified as to the story Price had told him.

■ It is clear that, by the time Jones had been apprehended and his package examined, the officers had probable cause to arrest Price. United States v. Brady, 421 F.2d 681 (2 Cir. 1970); United States v. Thomas, 396 F.2d 310 (2 Cir. 1968). Hence, the seizure of the package Price was carrying was a valid seizure, and the claim that its introduction into evidence was error is devoid of merit.

■ Appellant also claims prejudicial error in that the statements made by him before his arrest were not preceded by proper *Miranda* warnings. We fail to see any prejudice to appellant irrespective of whether the introduction of these statements was, in fact, error. Price, in his statement to the Assistant United States Attorney and at trial, admitted that he was in possession of stolen property and that he had stolen the package. His defense was that he had no idea that the package was from the Post Office. His initial response to Officer Toscano was a natural one; he denied the commission of any crime whatsoever. Although this initial response was inconsistent with his subsequent testimony, the inconsistency is irrelevant to the question of whether Price knew that the package was from the Post Office. Nor was the inconsistency particularly relevant to Price's credibility inasmuch as the original statement to Toscano was quite natural under the circumstances in response to an explicit question, "Was it stolen?" Indeed, Price on trial testified that the package was stolen. Hence, particularly here where there was no jury, any error must be considered to have been harmless.

The judgment of conviction is affirmed.