Gibson, J.
The issue presented by this appeal arises upon defendant-appellant’s contention that inasmuch as he had once indicated, when first taken into police custody, that he did not wish to make a statement, the authorities were precluded from thereafter seeking to elicit information from him, after again advising him of his Miranda rights.
Defendant was convicted, upon his plea of guilty, of manslaughter in the first degree, in satisfaction of a murder indictment. Upon the Huntley hearing that preceded the plea, it appeared that defendant approached a patrolman of the New York City Police Department and stated that he had stabbed a man. The policeman transported defendant to a nearby station house where he remained until the arrival of officers summoned from another precinct, who conducted defendant to their own precinct, where a detective, upon arresting defendant, advised him of his Miranda rights. As evidenced by a form which he signed, defendant stated that he fully understood his rights and that he wished to remain silent. No further questions were asked and the detective transported defendant to another precinct, where he was joined by an Assistant District Attorney, this approximately one hour after the arrest. The Assistant District Attorney informed defendant as to his Miranda rights and this time defendant indicated that he was willing to talk, and he thereupon gave a statement which the stenographer then present recorded.
The contention that, having once invoked his right to remain silent, defendant could not again be asked to speak, rests largely upon the general exposition found in Miranda, where it was said: ‘ ‘ Once warnings have been given, the subsequent procedure *70 is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise.” (Miranda v. Arizona, 384 U. S. 436, 473-474.) There is, however, a clear distinction between the continuation, whether by successive agencies or otherwise, of an “interrogation” thus foreclosed (see, e.g., Westover v. United States, 384 U. S. 436, 496-497, decided with Miranda, 384, U. S. 436, supra) and a subsequent request, upon reiteration of the requisite warnings, for reconsideration of an earlier decision to make no statement (cf. Westover, 384 U. S., at p. 496). The narrow issue presented by this case, theii, is whether the Assistant District Attorney was precluded from inviting the defendant to make a statement because, an hour before, a like request by a police officer had been declined. Neither Miranda nor any broader constitutional mandate prohibits a subsequent request, made otherwise than in the course of continued importunity or coercive interrogation in the guise of a request for reconsideration.
This conclusion is supported by authority (United States v. Brady, 421 F. 2d 681; United States v. Collins, 462 F. 2d 792;* People v. Rice, 16 Cal. App. 3d 337; and see Westover v. United States, 384 U. S. 436, 496, supra; People v. McIntyre, 31 A D 2d 964; McIntyre v. New York, 329 F. Supp. 9).
The order appealed from should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Jasen concur.
Order affirmed.

 Rehearing in banc directed (462 F. 2d 792) but order therefor later vacated, in an opinion, in which the court said “that what Miranda requires is that ‘ interrogation must cease ’ until new and adequate warnings have been given and there is a reasonable basis for inferring that the suspect has voluntarily changed his mind ” (462 F. 2d 802).