(No. 43965.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. EUGENE HAWKINS, Appellant.

*Opinion filed November 30, 1972.*

JAMES J. DOHERTY, Public Defender, of Chicago (RONALD P. KATZ, Assistant Public Defender, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE, ROBERT L. BEST and MARK T. ZUBOR, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

The defendant, Eugene Hawkins, was convicted of rape following a bench trial in the circuit court of Cook County and was sentenced to not less than six nor more than ten years in the Illinois State Penitentiary. He has appealed to this court from that conviction.

On November 30, 1968, a 22-year-old housewife was raped in her basement apartment at 1518 West 99th Street in Chicago. A description of the assailant was relayed to all police officers within the immediate area of the attack. Nine days later, a police officer, responding to a call to 1514 West 99th Street, the same building in which the

attack in question occurred, saw the defendant standing in the vestibule. He asked the defendant to step outside. When the defendant complied, the officer noticed that the clothes he was wearing, as well as a scar and his other physical features, matched the description that had been given by the victim of the rape.

Defendant, who was 16 years old, was taken to the police station and admonished as to his constitutional rights. In response to certain questions, he made a statement which implicated him in the rape. This statement was subsequently suppressed because it was made prior to the time that the defendant's parents had come to the station. In compliance with the provisions of section 3—2 of the Illinois Juvenile Court Act (Ill.Rev.Stat. 1967, ch. 37, par. 703—2), the police called the defendant's parents, who shortly thereafter arrived at the station. Upon their arrival, Officer Hugh Baletto advised them of the charge that had been placed against their son. This officer testified: "I advised them that I had advised him of his constitutional rights prior to their arrival, and that he had admitted to me of what had taken place over at 1518 West 99th Street. I then again advised them of his constitutional rights, in his presence. At this time the father went up to the boy and asked him, 'What did you do?' " The defendant then confessed to his father in the presence of the police officer.

A delinquency petition was filed in the juvenile division of the circuit court charging the defendant with being a delinquent. Subsequently, the grand jury returned an indictment charging the defendant with rape. A motion was thereafter made by the State's Attorney to dismiss the delinquency proceeding and to proceed against the defendant criminally under the indictment. The juvenile court allowed the motion without a hearing.

Relying on *Kent v. United States, 383 U.S. 541, 16 L.Ed.2d 84, 86 S.Ct. 1045,* the defendant initially contends that he was denied due process of law because of the

juvenile court's failure to hold a hearing before relinquishing its jurisdiction over him to the criminal division. In our recent decision in *People v. Bombacino, 51 Ill.2d 17, cert. denied, —— U.S. ——, 34 L.Ed.2d 173, 93 S.Ct. 230,* we specifically held that under our statute no such hearing is required and distinguished the provisions of our Juvenile Court Act from that of the District of Columbia to which *Kent* applied. We stated:

> "The statute involved in *Kent,* however, vested the discretion to waive jurisdiction over the minor in the juvenile court. The Illinois statute does not give the same discretion to the court. Rather the State's Attorney in Illinois is vested with the discretion to determine whether or not to proceed criminally against a juvenile offender, subject only to the right of the judge presiding in the juvenile division to object, in which event the matter is referred to the chief judge of the circuit court for his decision. (Ill.Rev.Stat. 1967, ch. 37, par. 702—7(3).) \*\*\* *Under our act a due process hearing as prescribed in Kent is not required at this stage of the proceeding."* (Emphasis added.) 51 Ill.2d at 20.

Our holding in *Bombacino* is dispositive of this contention.

The defendant next contends that the use of his confession made to his father in the presence of the police officer violated the constitutional safeguards prescribed in *Miranda v. Arizona, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602.* He contends that he did not waive his right to counsel prior to making the confession to his father. We are not concerned with the question of the defendant's waiver of his right to counsel after having received the warnings prescribed in *Miranda.* We are concerned with whether or not the confession was the product of custodial police interrogation. "By custodial interrogation, we mean questioning initiated by law enforcement officers \*\*\*." (384 U.S. at 444, 16 L.Ed.2d at 706.) In numerous cases,

it has been held in this court and in other jurisdictions that confessions or admissions made by a suspect in response to interrogation by private citizens are admissible in evidence although the suspect has not been warned or has not waived his rights as required by *Miranda.* (*People v. Morehead, 45 Ill.2d 326, cert. denied, 400 U.S. 945; People v. Doss, 44 Ill.2d 541; Yates v. United States (5th cir. 1967), 384 F.2d 586; Truex v. State (1968), 282 Ala. 191, 210 So. 2d 424; State v. Lombardo (1969), 104 Ariz. 598, 457 P.2d 275; Edington v. State (1967), 243 Ark. 10, 418 S.W.2d 637; Holston v. State (Fla. 1968), 208 So. 2d 98; Schaumberg v. State (1967), 83 Nev. 372, 432 P.2d 500.*) In *People v. Brooks, 51 Ill.2d 156,* we recently held that statements not induced by the police or an agent of the police are admissible in evidence without such compliance. We stated: "*Miranda* specifically excludes from the application of its holding statements freely and voluntarily given without any compelling influence." 51 Ill.2d at 161.

The facts of this case are readily distinguishable from the line of cases where police have attempted to interrogate by use of third persons, or attempted to induce confessions through fraud or trickery. (See Annot. (1965), 99 A.L.R.2d 772.) The police did not initiate this conversation between parent and child as was the situation in *Commonwealth v. Bordner (1968), 432 Pa. 405, 247 A.2d 612,* a case relied on by defendant. The father's testimony does not reveal his being used as a police instrumentality. In compliance with the Juvenile Court Act, the officers had informed the defendant's parents that their son was being held. When the parents arrived at the station, an officer informed them that the defendant had admitted what had occurred concerning the charge for which he was being held. Immediately thereafter, and before any conversation took place between the father and the defendant, the officer explained to the parents, in the presence of the defendant, the accused's constitutional rights. Following this, with no inducement from the

officer, the father posed the question in response to which the accused made his confession. There is no evidence to support the defendant's contention that the police had used the father to interrogate the defendant. The trial court held that the confession was admissible. Its finding will not be disturbed unless it is contrary to the manifest weight of the evidence. *People v. Dailey, 51 Ill.2d 239, 242.*

Defendant further contends that he was not proved guilty beyond a reasonable doubt due to the State's failure to prove him legally sane after he had properly raised the defense of insanity. We disagree with this contention.

Once the defense introduces evidence of insanity, the presumption of the accused's sanity no longer prevails and the State must prove beyond a reasonable doubt that at the time of committing the crime charged the accused was legally sane. *People v. Le May, 35 Ill.2d 208; People v. Childs, 51 Ill.2d 247; People v. Munroe, 15 Ill.2d 91.*

The court heard the testimony of psychiatrists and one lay witness, the victim of the rape. The testimony of the psychiatrist for the defense was generally inconclusive. The trial judge, in commenting on the testimony, stated that he found that the different opinions stated by the defendant's doctor were inconsistent. The State's position was supported by the testimony of a psychiatrist who stated that at the time of committing the offense, in his opinion, the defendant was legally sane. This testimony was further supported by the testimony of the complaining witness who, after detailing the conduct of the defendant during the commission of the offense, stated that based upon her observations she believed that he was sane. In summary, the trial judge stated that he was satisfied beyond a reasonable doubt that the defendant was legally sane at the time the offense was committed.

The judgment of the circuit court of Cook County will be affirmed.

*Judgment affirmed.*