THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM BAUGH, Defendant-Appellant.

(No. 12309;

Fourth District—May 14, 1974.

John F. McNichols and J. Daniel Stewart, both of Office of State Appellate Defender, of Springfield, for appellant.

Lawrence Eaton, State's Attorney, of Monticello (Michael Prall, of Circuit Attorney Project, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant was indicted for theft, forgery and deceptive practices. He was found guilty by a jury of theft over $150 and forgery. The trial judge entered a judgment of conviction on both verdicts and after a sentencing hearing, sentenced defendant to an indeterminate term of 2 to 6 years for the crime of theft and forgery. Defendant appeals.

Defendant raises several issues in this appeal. We need consider only one. Defendant contends that the trial court erred in refusing to suppress certain inculpatory statements he made to the attorney for the victim of a theft, prior to receiving the admonishments required by *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602, and that as a consequence the conviction should be reversed and the cause remanded for a new trial. We agree.

Defendant was approached by Deputy Dean Mahannah and Officer Dennis Thrasher while at a restaurant in Monticello. Defendant was informed by Deputy Mahannah that he had a warrant for defendant's arrest. Defendant was then taken to the Piatt County jail. The authorities called Robert Shonkwiler, the attorney for Miss Tatman, the victim of an alleged theft through forgery and deceptive practices. The authorities advised Shonkwiler that the defendant had to be identified. Shonkwiler informed the authorities that he could not identify the defendant but that Miss Tatman could. He suggested that due to the nature of the weather conditions and the advanced age of Miss Tatman, who was 93 years old, that the suspect be taken to her residence so that she could effectuate identification of defendant.

The defendant was then taken to Miss Tatman's home. There were

six individuals present at the Tatman residence: Thrasher, Mahannah, the defendant, two men that were with the defendant when he was apprehended, and Shonkwiler. Shonkwiler stated to Miss Tatman that the sheriff needed someone to identify "William Baugh if he was in the group." Miss Tatman immediately identified the defendant. Shonkwiler then proceeded to show defendant a canceled check for $830 drawn on the State Bank of Cerro Gordo. He asked defendant if this was the check that Miss Tatman had given him, and the defendant answered in the affirmative. Defendant also admitted that he made the endorsement on the back of the check and that he had cashed it at the State Bank of Cerro Gordo. Shonkwiler then inquired if defendant could make restitution for the money that he had allegedly defrauded Miss Tatman of and Baugh stated that he could possibly do so. Defendant was indicted for theft over $150, forgery and theft through deceptive practices.

Defendant filed a motion to suppress confession. The thrust of the motion was that defendant was not informed of his right as enumerated in *Miranda* prior to the custodial interrogation of defendant by Attorney Shonkwiler. A hearing was held on the motion and at the conclusion of said hearing the trial court ruled that the motion to suppress should be denied.

At trial, defendant renewed his objection concerning the inculpatory statement in question and the testimony relating thereto. The trial court again overruled defendant's objection. Defendant was found guilty of forgery and theft. The trial judge erroneously entered judgment on both verdicts and sentenced defendant to an indeterminate term of 2 to 6 years.

The gravamen of this issue is whether the statements in question were the product of "custodial interrogation". We find that they were.

■■. In *Miranda*, custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." (384 U.S. 436, 444.) First of all, it is clear that defendant was in custody within the meaning of *Miranda*. Secondly, we are of the opinion that Shonkwiler's questions amounted to an interrogation initiated by law enforcement officers because he acted as a police instrumentality. We are aware of the general rule that in absence of compulsion or duress statements made by defendant to a private citizen are admissible in evidence without the necessity of first giving the *Miranda* warning to a defendant. The State contends that Shonkwiler was not a law-enforcement agent but rather a private citizen who happened to be the attorney representing the complaining witness. In *People v. Hawkins*, 53 Ill.2d 181, 290 N.E.2d 231, the court noted that statements which were elicited

through the auspices of a private party who in effect was a police instru-: mentality must be suppressed if the *Miranda* warning was not administered.

■■ Shonkwiler functioned as a conduit for information elicited from defendant and used by the authorities in the prosecution of defendant. From the outset, Shonkwiler's interests were so integrated and closely aligned with the authorities that his role in this case was adversary in nature and his conduct and questions directed at defendant were accusatory in character. While there may not have been an official affiliation existing between Shonkwiler and the authorities, nevertheless, through their joint actions, an affiliation in fact arose. This is borne out by the record which reveals that Shonkwiler was present at the sheriff's office immediately after defendant's arrest prior to the time he was taken to the scene of the alleged crime; and he was present at the victim's residence where he conducted a lineup; and that it was Shonkwiler who interrogated the defendant in the presence of the complaining witness and the authorities, confronting him with incriminating evidence in an attempt to elicit damaging admissions from him.

■■ We find that the trial court's ruling on the motion to suppress was contrary to the manifest weight of evidence and should be reversed. (*People v. Hawkins.*) For the reasons herein stated, defendant's judgment of conviction is reversed and this cause is remanded for further proceedings not inconsistent with the views herein expressed.

Judgment reversed and remanded with directions.

TRAPP, P. J., and SIMKINS, J., concur.