THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* TERRY LANE, Petitioner-Appellant.

(No. 73-292;

Fifth District—May 27, 1975.

Paul Bradley and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Robert J. Anderson, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is a consolidated appeal challenging the dismissal of a post-conviction petition and the dismissal of all petitions and motions filed subsequent to the post-conviction hearing.

The petitioner was certified to be tried as an adult on August 16, 1971. After a bench trial, he was convicted of rape. The court sentenced him to 4 to 8 years' imprisonment. On February 9, 1973, during the pendency of the petitioner's direct appeal to this court (*People v. Lane,* 15 Ill.App.3d 245, 303 N.E.2d 443), petitioner's counsel filed a post-conviction petition on his behalf. The petition alleged that his constitutional right to due process was violated when the trial court allowed the State to reopen its case to prove a necessary element of the offense. This issue was raised and decided on direct appeal. The petition further alleged:

"3. Petitioner was denied due process of law, when at the tender age of sixteen (16) years he was certified to stand trial as an adult in direct contervention [*sic*] to the Illinois Juvenile Court Act.

4. Petitioner was denied equal protection of the law in that

the statute under which he was convicted is discriminatory based upon sex and age of individuals."

The record reflects that on March 12, 1973, a hearing was convened during which the circuit court heard arguments and found that "no substantial constitutional question [had been] raised and that matters otherwise argued [had] been previously ruled by the trial court at the time of trial and the Post-Trial Motion   *   *   *." The petitioner was present and represented by counsel at this hearing. The trial court denied the petition.

On July 17, 1973, the circuit court held a hearing regarding all motions filed subsequent to the post-conviction hearing. The court heard evidence and then denied all of the motions. The petitioner was again represented by counsel.

The petitioner contends that his certification to be tried as an adult denied him due process of law, thus raising a question of constitutional dimension that requires a hearing under the Post-Conviction Act. Specifically, the petitioner claims that he was constitutionally entitled to a certification hearing and to representation of counsel at the hearing. The record does not contain a transcript of a certification hearing. In support of his contention the defendant cites *People v. Kent*, 383 U.S. 541, 16 L.Ed.2d 84, 86 S.Ct. 1045 (1966).

We find *Kent* distinguishable. *Kent* arose in the District of Columbia. Unlike the District of Columbia's Juvenile Court Act, the Illinois statute in effect at the time the petitioner was certified did not require a certification hearing. In 1971, section 2—7(3) of the Juvenile Court Act provided in pertinent part:

> "If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, the State's Attorney shall determine the court in which that minor is to be prosecuted; however, if the Juvenile Court Judge objects to the removal of a case from the jurisdiction of the Juvenile Court, the matter shall be referred to the chief judge of the circuit for decision and disposition.   *   *   *" Ill. Rev. Stat. 1971, ch. 37, § 702—7(3).

In interpreting this statute in *People v. Hawkins*, 53 Ill.2d 181, 290 N.E.2d 231, our supreme court held that due process did not require the juvenile judge to conduct a certification hearing on the petition by the State's attorney to remove the case from the juvenile court. (Accord, *People v. Brookshaw*, 12 Ill.App.3d 221, 299 N.E.2d 20.) The record in the instant case contains the State's attorney's motion to certify the petitioner to be tried as an adult. The record also contains a signed order of the Juvenile Court of Madison County which states:

"The Juvenile Court Judge having considered the motion to certify, based upon finding of an alleged serious offense committed; the age of the minor; the past record of delinquency as revealed by the court file, and that the minor has once been committed to the Dept. of Corrections and paroled, and the apparent failure of past efforts to rehabilitate within the Juvenile division."

Consequently, we find that the circuit court properly dismissed the post-conviction petition because it failed to allege a substantial constitutional question.

Because the petitioner waived at oral argument all other contentions raised in his brief, we affirm the circuit court of Madison County's dismissal of Terry Lane's post-conviction petition and of all motions filed subsequent to it.

Affirmed.

EBERSPACHER and KARNS, JJ., concur.