THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARTHUR DUANE HOFFMAN, Defendant-Appellant.

Fourth District   No. 15727

Opinion filed February 29, 1980.

MILLS, P. J., dissenting.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Thomas R. Lamont and Donald L. Hays, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

After trial by jury in the circuit court of Champaign County, defendant Arthur Duane Hoffman was convicted on June 15, 1979, of the offenses of unlawful use of weapons and aggravated assault both occurring on May 30, 1978. On July 19, 1979, the court sentenced him to concurrent terms of imprisonment of 4 years and 364 days respectively. On appeal, he contends that the court erred in denying an oral motion to suppress evidence made during the course of trial. He asserts evidence concerning a gun purportedly used by him to have been obtained in violation of the *Miranda* rules.

Although no claim is made that the evidence did not support the verdict, a summary of the evidence is necessary to an understanding of the case.

At trial, three employees of a grocery store testified to the substance of an aggravated assault with a pistol made by an individual upon at least one of them at a time between 2 a.m. and 3 a.m. on May 30, 1978, in the parking lot of the store where they worked. They all testified that the assailant ran when the manager of the store came to the lot. The three all identified defendant as the culprit and a pistol introduced into evidence as being either the gun used or similar to that gun. A city of Champaign police officer testified to having been called to the scene and then having gone to look for the defendant. He further stated that upon arriving at an address given to him, he and a deputy sheriff chased the defendant into a

trailer. The officer said that the deputy then entered the trailer and about five minutes later returned with the defendant in handcuffs. According to the officer, the defendant then led them back near the spot where they had first seen him and "showed" them a pistol lying on the ground. The officer identified that gun as the one admitted into evidence. The officer said he thought that the defendant had been placed under arrest back in the trailer, and when asked which officer was with defendant in the trailer answered, "Deputy Morrison was inside."

After the officer had been excused, defense counsel made an oral motion, out of the jury's presence, to suppress the gun and the testimony concerning it. She argued that defendant's taking the officers to the gun occurred after the defendant was arrested and noted that no evidence was presented that defendant had ever been advised of his *Miranda* rights. The prosecutor objected to the timeliness of the motion and noted that the gun had been identified by the occurrence witnesses as well as the officer. The court recognized that under the cases cited by the State, it might have had the discretion to refuse to hear the motion to suppress but also correctly recognized that, in any event, it had the discretion to hear the motion. The court announced that it would do so.

The sole witness on the motion to suppress was the defendant's mother, called by the defense. She testified to the following episode. At about 2 a.m. on the morning in question, defendant came into her trailer appearing to be very drunk. He was followed by at least five police officers. The officers "felt over him" and asked him where "the gun" was. She and her husband, who was also present, then told the defendant to show the officers where the gun was. None of the officers explained to defendant that he had any rights nor did any of the officers tell defendant that he was under arrest. She did not see any handcuffs put on defendant but she was not always in a position to see whether this happened. She estimated that the officers were in the trailer for 10 minutes.

The prosecutor made a two-sentence argument contending that no illegal arrest, search, or questioning had taken place and emphasizing that the parents had told the son to show the officers where the gun was. Defense counsel stated that the witness had not testified as counsel had anticipated and that, accordingly, she had no argument. The court denied the motion to suppress without comment.

The sole evidence for the defense was the testimony of defendant's sister. She testified to driving around in an automobile from 1 a.m. to 2 a.m. on the night in question with defendant riding with her in the front seat. She described him as being intoxicated and having slept part of the time. She·said that she lived next door to her parents and returned there at about 2 a.m. She said that defendant was too drunk to walk by himself

so that she had to assist him, and that as she attempted to do so, defendant was confronted by two police officers. She nevertheless walked with defendant to the house and found three or four police officers in the house. She said that defendant had never left the car from 1 to 2 a.m. and that he had no gun with him.

The issue in the case is whether the questioning of defendant in the trailer violated the requirements of *Miranda*. The testimony of defendant's mother that he was not given *Miranda* warnings was unrefuted. The trial court and both counsel apparently felt that, on the basis of the evidence presented, the motion to suppress was meritless because *Miranda* warnings were not required. Likewise, the officer or officers in the trailer apparently felt they were unnecessary. However, with the benefit of hindsight and the opportunity to be more deliberative, we determine that *Miranda* compliance was required. Viewing the evidence most favorably to the State, we conclude that the testimony of the police officer that defendant "showed" the deputy and him where the gun lay resulted from police interrogation of defendant while he was in custody. We do not find the existence of facts that would establish any exception to the rule that the warnings were required to have been given.

■■ While the parents did tell defendant to show the officers the gun, it was the officers who asked the question. The parents did not pose a question, they merely told the defendant to answer the officers' question. The record does not show whether defendant answered the question by the act, testimonial in character, of taking the officers to the gun and pointing to it or whether defendant actually made a statement accompanying his acts. Either way, he answered the question. The questioning of the defendant in the trailer was, as a matter of law, interrogation by law enforcement officers within the meaning of *Miranda*.

Even if the officers had been interrogating defendant about other aspects of the crime and one of the parents had then asked where the gun was, the answer of defendant would probably have been deemed the result of police interrogation. In *People v. Hawkins* (1972), 53 Ill. 2d 181, 290 N.E.2d 231, a minor in police custody was asked by his father what he had done. The boy then confessed. He had been questioned by officers earlier that day, but they had asked no questions during the boy's confrontation with his father. The supreme court held the confession to be admissible, emphasizing that the questioning which gave rise to the confession had been initiated by the father and not by the officers. Thus, the confession did not arise from interrogation by the officers within the meaning of *Miranda*. Similarly, a minor's confession made while in custody in a police car was held not to have resulted from police interrogation when made in answer to a question by his mother at a time

when officers were not questioning the minor. (*People v. Creach* (1979), 69 Ill. App. 3d 874, 387 N.E.2d 762.) Here, the officers were questioning defendant and the officers clearly initiated the questioning.

We turn to the question of whether the interrogation took place while defendant was in custody as defined by *Miranda*. A somewhat similar case is *Orozco v. Texas* (1969), 394 U.S. 324, 325, 22 L. Ed. 2d 311, 314, 89 S. Ct. 1095, 1096. There, four police officers entered the bedroom of a murder suspect at about 4 a.m. and questioned him about matters in connection with a murder of which the suspect was later convicted. Some admissions were obtained from the suspect. *Miranda* warnings had not been given. The court noted, "From the moment he gave his name, according to the testimony of one of the officers, petitioner was not free to go where he pleased but was 'under arrest.' " The questioning was deemed to be custodial and the absence of *Miranda* compliance to have required suppression. The *Orozco* opinion indicated that the defendant there was actually placed under arrest. However, the thrust of the ruling was that he was deprived of his power to leave. Neither the United States Supreme Court nor the courts of this State have retreated from the rule that a suspect is in custody if substantially deprived of his freedom of action. See *Oregon v. Mathiason* (1977), 429 U.S. 492, 50 L. Ed. 2d 714, 97 S. Ct. 711.

In *People v. Gan* (1979), 75 Ill. App. 3d 72, 394 N.E.2d 611, this court noted that subjective knowledge of the arresting officer, the tone or mode of questioning, and whether defendant reasonably believed he was free, were all factors to consider in determining whether a defendant is in custody. The court in that case held that a defendant was in custody when the arresting officer regarded defendant as a suspect and had stated that he would place defendant under arrest as soon as he answered a question.

A person can be in custody, within the meaning of *Miranda*, without having been formally arrested. The lack of arrest in the instant case did not, of itself, keep defendant from having been in custody.

■■ It has been held that a reviewing court may examine the evidence at trial to support the ruling of a trial judge refusing to suppress evidence. (*People v. Braden* (1966), 34 Ill. 2d 516, 216 N.E.2d 808.) If we do that here, we can consider the possibility that the testimony of the police officer implied that the deputy sheriff was the only officer in the trailer while the questioning took place. Even under that assumption, however, the evidence would still be undisputed that defendant (1) was chased into the trailer by law enforcement officers, (2) was patted down for weapons, and (3) came out in handcuffs. We can only conclude that both defendant and any law enforcement officers present in the trailer all believed that defendant was not free to leave. We find, as a matter of law, that defendant was in custody in the trailer at the time of his questioning.

We recognize that the officers here were greatly concerned about finding the gun as soon as possible. However, defendant had not been chased from the scene and was being apprehended upon information obtained from others. The questioning was not on-the-scene interrogation. (Annot., 31 A.L.R.3d 565, 579 (1970).) We are unaware of any exception to the *Miranda* rule which would allow questioning here by police officers without following the *Miranda* requirements.

■■ Having determined that the trial court erred in not suppressing part of the evidence referred to in the motion, we now face the question of whether it should have all been excluded. We have previously indicated that testimony of the acts of defendant in pointing out the place where the gun lay concerned conduct of a testimonial nature even if it was not accompanied by words. It was an admission by the defendant which *Miranda* clearly requires to be suppressed. On the other hand, the gun itself and evidence of where it lay were neither an admission nor confession by the defendant. They were bits of evidence obtained as a fruit of the improper interrogation. The question of whether they too should have been suppressed is less certain.

In *Michigan v. Tucker* (1974), 417 U.S. 433, 41 L. Ed. 2d 182, 94 S. Ct. 2357, the State had obtained the name of a witness by police interrogation of the defendant in a manner violative of *Miranda*. The defendant moved to suppress on grounds that testimony of the witness would be a fruit of the improper interrogation. The trial court denied the motion. The United States Supreme Court eventually upheld the trial court, reasoning that (1) the questioning, although in violation of *Miranda*, did not make the answer of defendant revealing the name involuntary, and (2) although the trial took place post-*Miranda*, the improper interrogation occurred pre-*Miranda*. The court expressly refused to hold that suppression of evidence was never required because of its being derivative of *Miranda* violations. The court indicated its decision was to be construed on a more limited basis.

■■ Dictum in *United States ex rel. Hudson v. Cannon* (7th Cir. 1976), 529 F.2d 890, referring to *Michigan v. Tucker*, would seem to indicate an approval of admitting evidence which was the fruit of an interrogation in violation of *Miranda* if it did not also result from a statement or confession which was involuntary. However, in view of the expressly limited holding of *Michigan v. Tucker* we are reluctant to adopt such a rule in the absence of more direct precedent. Accordingly, we hold that the gun, evidence of where it lay, and evidence that defendant showed the gun to the officers should all have been suppressed.

Had the evidence, which should have been suppressed, not been admitted, the jury might have chosen to believe defendant's alibi testimony rather than that of the State. For this reason we cannot find the

error to be harmless beyond a reasonable doubt. *Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824; *People v. Gan* (1979), 75 Ill. App. 3d 72, 394 N.E.2d 611.

For the reason stated, we reverse and remand for a new trial.

Reversed and remanded.

CRAVEN, J., concurs.

Mr. PRESIDING JUSTICE MILLS, dissenting:

If there is not an exception here to the *Miranda* rule, there should be!

There is ample eyeball evidence that defendant pulled a gun in a parking lot, threatened a man, and ran when the store manager approached. After investigating this incident, a police officer received a radio dispatch that the suspect had been spotted. He and a deputy sheriff immediately proceeded to that location where they saw defendant Hoffman standing in the middle of the road. A chase ensued and the quarry was run to ground at a trailer. Several officers entered the trailer on the heels of Hoffman.

Immediately, in the presence of both his mother and father, the police asked defendant where the gun was. His parents both told their son that if he knew where the gun was, to tell the police where it was. (He had not been told he was under arrest, he was not handcuffed.) He then told the officers where the gun was, was handcuffed, was led from the trailer, and then took the police to the weapon.

It should not be suppressed.

This was hot pursuit. The authorities had a solid I.D., they got a dispatch specifically about this defendant, they spotted him, he ran, they pursued, they caught him, they asked for the gun, both his mother and father said "tell them" and he did!

To suppress this is absurd.

I dissent.