■ The People of the State of New York, Respondent, v Wallace Burnett, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Battisti, J.), rendered April 15, 1981, convicting him of burglary in the third degree, grand larceny in the second degree and criminal possession of stolen property in the first degree, upon a plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress certain statements and physical evidence. Judgment affirmed. At about 5:40 A.M. on August 11, 1980, two police officers observed a 1978 Lincoln Continental parked on a side street adjacent to Kisco Avenue in Mount Kisco, New York. The automobile had not been there an hour before and its engine was warm. A loud crash was heard and one of the officers observed the defendant walking in a southerly direction. The defendant was directed to stop and, while the officer did not draw his gun, he walked up to the defendant and asked him what he was doing in the neighborhood. Defendant, who appeared to be nervous, claimed that he was lost and gave a name which was later determined to be false. At that point, another person was observed. A man emerged from behind some nearby bushes and was detained. Backup assistance was solicited and a box containing two typewriters, three adding machines and an attaché case was found near the bushes. The two men were placed under arrest. Further investigation revealed that the door on an adjacent building had been jimmied. Both men were given *Miranda* warnings at the police station and, while defendant refused to sign a waiver, he did not request counsel. After defendant was searched, a detective showed him a photograph of footprints in a fire extinguisher spray and told him that he was stupid in using a hallway that had not been traversed for years. The photograph was not, in fact, of the hallway that defendant had burglarized. A few minutes later, the defendant was taken to another room and, in response to questioning, stated that his car had broken down on the parkway and that he had left it to look for help. Defendant was then brought to the detention area, at which point he requested to speak to the detective alone. He was readvised of his rights, stated that he understood them, and after mentioning the photograph and receiving a response from the detective, made a full confession. A pretrial motion to suppress all physical evidence and the statements was denied. Defendant thereupon pleaded guilty. We affirm. The police encounter on the street clearly passes constitutional muster (*People v Singleton,* 41 NY2d 402; *People v De Bour,* 40 NY2d 210; *People v Finlayson,* 76 AD2d 670, cert den 450 US 931). The officers had an articulable basis for inquiry and acted reasonably under the circumstances; the discovery of the office equipment behind the bush then supplied probable cause for the arrest (see, e.g., *People v McRay,* 51 NY2d 594; *People v Brnja,* 50 NY2d 366, 373-374; *People v Valentine,* 17 NY2d 128; *People v Bittner,* 97 AD2d 33). Similarly, suppression of the defendant's statements was properly denied. The on-the-scene inquiries did not implicate the defendant's *Miranda*

rights (see *People v Huffman,* 41 NY2d 29). As in *Huffman,* the inquiries did not constitute police custodial interrogation (see *People v Johnson,* 59 NY2d 1014; cf. *People v Quarles,* 58 NY2d 664, cert granted __ US __, 103 S Ct 2118). While the subsequent questioning at the precinct did require the administration of *Miranda* warnings, defendant's rights were in no respect violated (*People v Cavagnaro,* 99 AD2d 534). Since he did not invoke the right to counsel (cf. *People v Cunningham,* 49 NY2d 203), the officers were not precluded from requesting him to waive the right to silence that he had asserted (*People v Buxton,* 44 NY2d 33, 37; *People v Gary,* 31 NY2d 68, 70; *People v McIntyre,* 31 AD2d 964) and on this record we conclude that he did so. The use of a ruse does not render statements involuntary per se (*People v Tarsia,* 50 NY2d 1, 11; *People v Everett,* 10 NY2d 500, 502), or otherwise inadmissible under *Miranda* (*People v Ferro,* 92 AD2d 298; *People v Bryant,* 87 AD2d 873, affd 59 NY2d 786). The People have met their burden in all respects. Titone, J. P., Lazer, Thompson and O'Connor, JJ., concur.