■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE LEE COLLINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered August 3, 1987, convicting him of rape in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant's assertion that there was no evidence adduced at the hearing to show that he waived his *Miranda* rights and that therefore his statements to the police should have been suppressed is contrary to the record which clearly demonstrates that the defendant was administered *Miranda* warnings, acknowledged that he understood them, signed the card from which they were read, and waived his right to remain silent and to have a lawyer present.

In addition, the defendant's statements were neither forced nor coerced. After the defendant told the police that he normally wore eyeglasses but had inadvertently left them on a street curb two days prior to being questioned by them, the police showed him a pair of eyeglasses which they stated were found exactly where he said that he lost them. The defendant looked at them, tried them on and said he was sure "without a doubt" that they were his glasses. He was then informed that they had actually been found in the bed of the rape victim. While there was some measure of guile employed by the police in getting the defendant to admit that the eyeglasses were his, "[t]he use of a ruse does not render statements involuntary per se" *(People v Burnett,* 99 AD2d 786, 787). "[S]uch stratagems need not result in involuntariness without some showing that the deception was so fundamentally unfair as to deny due process" *(People v Tarsia,* 50 NY2d 1, 11). No such showing was made on the record before us.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, the defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.