■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

THOMAS R. FISCHER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant and two others were arrested in connection with the death of James Flake and transported to the Allegany State Police barracks for questioning. Defendant was advised of his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436). He answered affirmatively when asked if he understood each warning. Defendant, however, "made no answer" to the officers' inquiries regarding whether he would speak to them about the incident. All questioning ceased. A short time later, defendant was taken to an office where codefendant Harmon was being interviewed. Prior to defendant's entrance, Harmon had disclosed the location of "chuka sticks" used in the crime. Investigators Reed and Jackson left to retrieve the "chuka sticks". When Reed returned with the sticks, Harmon, in defendant's presence, identified them. Defendant and Investigators Reed and Woods went to another room. Defendant was again given *Miranda* warnings. He told the investigators he would speak to them without an attorney present. Defendant thereafter signed a typed inculpatory statement. Defendant contends that the hearing court should have suppressed his statement. We disagree.

In our view, the suppression court properly denied defendant's motion to suppress the statement. Although he initially invoked his Fifth Amendment privilege to remain silent, the investigating officers were not, several hours later, and after giving fresh *Miranda* warnings, precluded from interrogating defendant and eliciting a statement. Here, the inculpatory statement was not the product of "continued importunity or coercive interrogation in the guise of a request for reconsideration" *(People v Gary,* 31 NY2d 68, 70). (Appeal from judgment of Supreme Court, Cattaraugus County, Marshall, J.—murder, second degree.) Present—Dillon, P. J., Boomer, Green, Balio and Davis, JJ.