OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*912 Appellant was arrested for rape, taken to the precinct, and given Miranda warnings. He said he understood his rights but did not wish to talk with the police officers. The officers nonetheless questioned him about the crime but elicited no incriminating responses. When the officers completed their interrogation, they escorted him from the interview room and commenced the booking procedure. During this process, appellant suddenly said that he wanted to make a statement. The officers then completed booking him, took him to another interview room, administered Miranda warnings again, and took his statement.
When a suspect exercises his right to remain silent, the police must scrupulously honor that decision and questioning must cease (Michigan v Mosley, 423 US 96; People v Wander, 47 NY2d 724). The police violated that obligation here. But a suspect, even after exercising his right to remain silent, may change his mind and voluntarily make a statement (People v Buxton, 44 NY2d 33, 37). Given the pronounced break in the interrogation, the commencement of the booking process, the absence of any incriminating responses to the police questioning, and appellant’s subsequent unprompted decision to make a statement, we cannot say that the courts below erred as a matter of law in concluding that the initial unlawful questioning did not taint the spontaneity of the later confession.
For the reasons stated in the Appellate Division’s memorandum, the trial court committed no error in refusing to submit attempted rape as a lesser included offense. Appellant’s remaining contentions are meritless.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.