OPINION OF THE COURT
Martin Schneier, J.
Does suppression of a statement made by a defendant while he was intoxicated mandate suppression of a later statement made by him when sober?
The defendant, Peter Washington, moves for an order suppressing certain statements made by him to the police and the District Attorney on April 20,1984. A Huntley hearing was held on February 19, 1985, at which Police Officers Michael Powers and Michael Gaynor and Assistant District Attorney Timothy Murray testified for the People, and the defendant testified on his own behalf. In addition, the court viewed a videotaped statement.
Based upon the credible evidence adduced at the hearing, the court makes the following findings of fact and conclusions of law.
FINDINGS of fact
At approximately 6:00 p.m. on April 20, 1984, Police Officer Michael Powers arrived at a street corner in Brooklyn in response to a radio call. A stabbing had taken place, and as a *452 crowd gathered, an unidentified man handed a knife to Officer Powers and pointed to the defendant.
The court is faced with four statements of similar inculpatory content made by defendant under widely disparate circumstances.
Upon being pointed out, the defendant spontaneously exclaimed “Yeah, I stabbed him. I ain’t going nowhere”. Officer Powers then arrested the defendant and brought him to the 70th Precinct. The defendant, who had imbibed a considerable amount of whiskey, smelled of alcohol and exhibited impaired movement and speech.
At 7:10 p.m., at the station house, Officer Powers read the defendant his Miranda rights. Defendant, after stating that he understood his rights, now made his second inculpatory statement.
More than three hours passed during which time defendant slept. Beginning at 10:32 p.m., Assistant District Attorney Timothy Murray conducted and videotaped a conversation with the defendant. The defendant was again advised of his Miranda rights and answered affirmatively when asked whether he understood each right. Consenting to answer questions without an attorney being present, the defendant then made his third inculpatory statement. From observing the videotape, this court finds that the defendant appeared sober and not intoxicated. He was coherent and able to appreciate the content and consequences of both the warnings and his statement. Finally, at approximately 11:00 p.m., Police Officer Michael Gaynor reread defendant his rights and elicited the last of defendant’s four statements.
CONCLUSIONS OF LAW
The defendant’s first statement may not be suppressed even though no Miranda warnings preceded it, since it was not the product of custodial interrogation (see, Miranda v Arizona, 384 US 436 [1966]). The defendant was not then in custody, since he was neither formally arrested nor was his freedom of movement restrained (Oregon v Mathiason, 429 US 492 [1977]). There was no interrogation since defendant’s statement was not triggered by police conduct which should reasonably have been anticipated to evoke a declaration from defendant. (People v Lynes, 49 NY2d 286, 295 [1980]).
The second statement is suppressed since there is credible evidence that the defendant was too intoxicated at the time he made the statement to understand its nature and consequences. *453 In order for any statement uttered by a defendant to anyone acting on behalf of the State to be admitted into evidence, it must have been made voluntarily, and the People have the burden of proving the voluntariness of the statement beyond a reasonable doubt (People v Huntley, 15 NY2d 72 [1965]). In determining voluntariness, the court must consider the “ ‘totality of the circumstances’ ” (People v Anderson, 42 NY2d 35, 38 [1977]). While it is well settled that intoxication can negate voluntariness (People v Schompert, 19 NY2d 300 [1967], cert denied 389 US 874), there is no hard and fast rule as to what degree of intoxication will suffice for this purpose. The court finds that defendant’s intoxication seriously impaired his ability to understand the nature of his waiver and the results that would flow from it.
The admissibility of defendant’s third statement is a more complicated matter. Standing alone, the statement may not be suppressed. The court has viewed the videotape and found a sober, coherent and informed defendant knowingly and intelligently waiving his rights before making the statement. The court must now, however, consider whether this statement was tainted by the earlier inadmissible one.
An otherwise admissible statement may be suppressed if it constitutes part of a continuous interrogation initiated by improper questioning or other wrongful acts or omissions by law enforcement officers (United States ex rel. Stephen J. B. v Shelly, 430 F2d 215 [2d Cir 1970]; People v Parker, 82 AD2d 661 [2d Dept 1981], affd 57 NY2d 815 [1982]). A waiver by a defendant under these circumstances is not a true waiver, since a defendant may feel psychologically committed to his previous words. Clearly, questioning a defendant, with or without Miranda warnings when that defendant is grossly intoxicated is an act in keeping neither with the spirit nor the letter of our constitutional safeguards against involuntary confessions.
But, this “cat out of the bag” doctrine does not automatically invalidate a statement merely because it is preceded by questionable acts or omissions (People v Chapple, 38 NY2d 112 [1975]). If external factors have intervened to attenuate the effect of the earlier questions and statements of the defendant, the later statement may be admitted (compare, People v Kinnard, 62 NY2d 910 [1984], with People v Chapple, supra).
In the instant case, the defendant had an opportunity to sleep and awaken in a sober state, and had time to deliberate. He was given his warnings by a different individual in a different location. Unlike cases of beatings which produce continued fear *454 rendering later facially valid statements inadmissible (People v Davis, 55 NY2d 731 [1981]), the intoxication defendant was subject to at first disappeared by the time of the later statement. Defendant’s third statement thus is admissible, as is his fourth, since the link between the inadmissible second statement has been attenuated.
Accordingly, defendant’s motion to suppress his four statements is granted only to the extent of suppressing defendant’s second statement, and denied with respect to the other three statements.