■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON THORPE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (O'Brien, J.), rendered September 4, 1985, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought the suppression of a statement he made to a police officer.

Ordered that the judgment is affirmed.

The hearing court properly declined to suppress the statement made by the defendant. The defendant was removed from the cell in which he was being held at the police precinct in order to participate in a lineup at which he was identified by the complaining witness. The detective who conducted the lineup then commented to the defendant that he had been identified in the lineup, after which the defendant stated that if the complainant would drop the charges, he would get her property back. The test used in determining whether a defendant's statement is spontaneous is "whether an objective observer with the same knowledge concerning the suspect as the police had would conclude that the remark or conduct of the police was reasonably likely to elicit a response" *(People v Ferro,* 63 NY2d 316, 319, *cert denied* 472 US 1007). Under the circumstances herein, we find that the detective's comment was merely a clarification of the situation confronting the defendant, which was not intended or likely to elicit a response, and the defendant's statement was, therefore, spontaneous and admissible *(see, People v Huffman,* 61 NY2d 795; *People v King,* 121 AD2d 471).

We have considered the defendant's other contentions and find them to be without merit. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.