■ The People of the State of New York, Respondent, v Roosevelt Broadus, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered December 10, 1986, convicting him of arson in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence and statements is granted, his plea of guilty is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

After the defendant was arrested and taken into custody, a detective administered *Miranda* warnings in response to which the defendant indicated that he did not wish to make a statement. Despite the foregoing, and after the lapse of approximately 5 to 10 minutes, the detective approached the defendant and, without readvising the defendant of his *Miranda* rights, questioned him by asking, "[a]re you sure you don't want to make statements", and further stated, "[a]re you sure you understand what we told you * * * are you sure that's your position, are you sure about the crime". In response, the defendant stated, "I know why you are looking for me" and made a series of inculpatory statements admitting his complicity in the crime for which he was arrested. The hearing court rejected the defendant's contentions that the inculpatory statements were obtained in violation of his constitutional rights. We find otherwise and reverse.

As the Court of Appeals has observed, *"Miranda v Arizona* (384 US 436) requires not only that before interrogation can begin a suspect must be advised concerning his right to

remain silent and of his right to counsel, but also that, 'If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease' " *(People v Ferro,* 63 NY2d 316, 322, *cert denied* 472 US 1007, quoting *Miranda v Arizona,* 384 US 436, 473-474). It is well settled that a defendant's right to remain silent must be "scrupulously honored" *(Miranda v Arizona, supra,* at 479; *People v Ferro, supra,* at 322; *see also, Michigan v Mosley,* 423 US 96, 103-104; *People v Wander,* 47 NY2d 724, 725). Moreover, "[h]e may not within a short period [of time] thereafter and without a fresh set of warnings be importuned to speak about the same suspected crime" *(People v Ferro, supra,* at 322; *see also, People v Gary,* 31 NY2d 68, 70; *People v Buxton,* 44 NY2d 33, 37). In determining whether the defendant has been subjected to an "interrogation" the courts must inquire into "whether an objective observer with the same knowledge concerning the suspect as the police had would conclude that the remark or conduct of the police was reasonably likely to elicit a response" *(see, People v Ferro, supra,* at 319; *People v Thorpe,* 126 AD2d 685, 686, *lv denied* 69 NY2d 1010).

When considered in light of the foregoing principles, the facts surrounding the defendant's statement to the detective cannot support the hearing court's implicit conclusion that the defendant's right to terminate questioning was scrupulously honored. After the elapse of only five minutes—and without the administering of fresh *Miranda* warnings *(cf., People v Kinnard,* 62 NY2d 910)—the interrogating detective chose to ignore the defendant's express assertion that he would make no statements and repeatedly importuned him to change his mind and discuss the suspected crime. In our view, there can be little question that the detective's inquiries were intended and reasonably likely to elicit an incriminatory response *(see, People v Dow,* 129 AD2d 535, 536-537, *lv denied* 70 NY2d 645).

As such, the defendant's statements and the physical evidence obtained by virtue thereof must be suppressed and the judgment appealed from reversed. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.