■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JAMES JACOBS, Also Known as MILLARD SHANNON, Appellant.
[601 NYS2d 635] —Appeals by the defendant from two judgments
of the Supreme Court, Kings County (Miller, J.), both ren-
dered April 22, 1985, convicting him of bribery in the second
degree (two counts) under Indictment No. 768/84 and criminal
possession of a forged instrument in the second degree (two
counts) and criminal possession of stolen property in the third
degree under Indictment No. 879/84, after a nonjury trial,
and imposing sentences. The appeals bring up for review the
denial, after a hearing, of that branch of the defendant's
omnibus motion which was to suppress statements made by
him to the police.

Ordered that the judgment rendered under Indictment No.
768/84 is affirmed; and it is further,

Ordered that the judgment rendered under Indictment No.
879/84 is reversed, on the law, that branch of the defendant's
omnibus motion which was to suppress statements pertaining
to that indictment is granted, and a new trial is ordered.

Upon being arrested, the defendant was read his rights and
asked if he wished to answer questions, to which he responded
that he did not. He was then placed in a holding pen. Immedi-
ately outside of the holding pen, and in full view of the
defendant, was a table, upon which lay the evidence recovered
from the defendant and his codefendant, including the two
forged and stolen checks which had been recovered from the
codefendant, and which formed the basis of the charges of
criminal possession of a forged instrument in the second
degree (two counts) and criminal possession of stolen property
in the third degree. The officer who had read the defendant
his rights, and to whom the defendant had indicated he did
not wish to answer questions, sat at the desk in front of the
holding pen and did paper work.

Within one hour, the defendant called to the officer and
inquired about the possibility of receiving a desk appearance
ticket. The officer indicated that he did not know whether the
defendant could receive a desk appearance ticket, but asked
the defendant if he would like to talk about "the con game"
(referring to an underlying crime for which the defendant had
been charged). This time the defendant said "okay", and
answered questions put to him by the officer. During this

questioning, the defendant admitted ownership of the two forged and stolen checks.

It is well settled that a defendant's right to remain silent must be "scrupulously honored" *(Miranda v Arizona,* 384 US 436, 479; *People v Ferro,* 63 NY2d 316, 322, *cert denied* 472 US 1007; *People v Wander,* 47 NY2d 724, 725). Moreover, after declining to answer questions, a defendant "may not within a short period [of time] thereafter and without a fresh set of warnings be importuned to speak about the same suspected crime" *(People v Ferro, supra,* at 322; *see also, People v Broadus,* 149 AD2d 602, 603). Given the facts of this case, we find that the defendant's right to remain silent was not "scrupulously honored", and that the hearing court erred in not suppressing the statements made by the defendant at that time.

However, after this questioning was complete, the defendant again called the officer over, and requested to be taken to the bathroom. While in the bathroom, the defendant spontaneously, and without any prompting by the police officer, offered the officer a bribe, in exchange for a desk appearance ticket. These statements were not subject to suppression in that they were spontaneously made *(see, People v Rivers,* 56 NY2d 476). While making this bribe offer, the defendant admitted ownership of all of the money recovered, including that recovered from his codefendant, but did not mention the two forged and stolen checks. Thereafter, the officer arranged for the defendant to discuss the bribe offer with the officer's partner, in a room where it could be secretly recorded. In this room, the defendant was again questioned about "the con game", and also repeated his offer of money in exchange for a desk appearance ticket. To the extent that this tape-recorded session was in furtherance of the investigation in connection with the bribe offer, it was proper *(see, People v Bell,* 73 NY2d 153). However, to the extent that the defendant was questioned about the original crime, and made statements again connecting himself to the forged and stolen checks, this questioning was again in violation of his right to remain silent *(see generally, People v Ferro, supra),* and these statements also should have been suppressed.

Since the defendant's statements were critical to the prosecution's case, it cannot be said that the failure to suppress those statements was harmless *(see, People v Crimmins,* 36 NY2d 230).

We have examined the defendant's remaining contentions,

including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J.P., Rosenblatt, O'Brien and Copertino, JJ., concur.