■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BRUNNER, Appellant. [619 NYS2d 90] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered June 12, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court dated February 10, 1993, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate the

judgment. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought to suppress statements made to law enforcement officials.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress his statements is granted to the extent that his initial exculpatory statement is suppressed, and admission in evidence of his final videotaped confession is precluded, and the motion is otherwise denied, and a new trial is ordered; and it is further,

Ordered that the appeal from the order is dismissed as academic.

We agree with the defendant's contention that his right to remain silent was not scrupulously honored *(see, Miranda v Arizona,* 384 US 436). Following his voluntary appearance at a Brooklyn police station, the defendant was advised of his constitutional rights, and unequivocally expressed his unwillingness to speak with the investigating officers. Notwithstanding his protestations, he was questioned and ultimately offered an exculpatory statement. However, it is well settled that a defendant who has declined to answer questions may not, within a short time thereafter, be importuned to speak about the crime without a fresh set of warnings *(see, People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007; *People v Jacobs,* 196 AD2d 831). Accordingly, the defendant's initial exculpatory statement should have been suppressed. However, his subsequent statements were properly received in evidence, since they were preceded by further warnings and valid waivers, and they were not the result of continued importunity or coercive interrogation *(see, People v Gary,* 31 NY2d 68; *People v Pou,* 185 AD2d 642; *see also, People v Chapple,* 38 NY2d 112; *People v Ates,* 157 AD2d 786).

The defendant's final inculpatory statement, which was recorded on videotape, should have been precluded due to the People's failure to provide the requisite notice of their intention to introduce it at trial as required by CPL 710.30.

We have reviewed the defendant's remaining contentions and find them to be without merit. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.