THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME NISBETT, Appellant. [640 NYS2d 165]

During police questioning, the defendant received and waived his Miranda warnings and then gave an oral statement in which he admitted, inter alia, to firing a gun repeatedly at the victim. Shortly thereafter, the defendant wrote out and signed a similar statement. He then agreed to make a video-taped statement, but invoked his right to remain silent after he was again apprised of the Miranda warnings. A few minutes later, at the improper suggestion of an Assistant District Attorney, a detective resumed questioning the defendant, whereupon he agreed to make a videotaped statement. After being left alone for approximately one hour, the defendant voluntarily attended a videotaped interview conducted by an Assistant District Attorney. He again received and waived his Miranda warnings, acknowledged that he no longer wished to remain silent, and then made another statement. In this last statement, the defendant indicated that he drew the gun in order to scare the victim, but it became entangled in his clothing and went off repeatedly as he attempted to free it.

We find unpersuasive the defendant's contention that the hearing court erred in denying his request to suppress the videotaped statement. It is well settled that a defendant's right to remain silent must be scrupulously honored (*see, Michigan v Mosley,* 423 US 96; *People v Kinnard,* 62 NY2d 910), and one who has declined to answer questions should not shortly thereafter be importuned to speak regarding the same crime without the administration of a fresh set of warnings (*see, People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007; *People v Brunner,* 209 AD2d 532; *People v Jacobs,* 196 AD2d 831). Here, the defendant's right to remain silent was not scrupulously honored by the interrogating detective, and the hearing court properly suppressed the defendant's responses to the improper questioning. However, there is sufficient evidence in the record to support the hearing court's further determination that the videotaped statement was admissible. Indeed, that statement was preceded by a pronounced break in questioning as well as by the administration of new warnings by a person other than the detective, and the defendant validly waived those rights. Furthermore, the defendant explained that he no longer wished to remain silent, and he attempted to minimize his culpability in the shooting by claiming, in marked contrast to his earlier statements, that the shooting had occurred accidentally while he was attempting to disentangle the gun from his clothing. These facts sufficed to establish that the videotaped statement was the product of the defendant's own volition and reasoned reflection, rather than the result of continued importunity or coercive interrogation (*see, People v Brunner, supra; People v Pou,* 185 AD2d 642; *People v Hawthorne,* 160 AD2d 727; *People v Burnett,* 99 AD2d 786; *cf., People v Bethea,* 67 NY2d 364; *People v Chapple,* 38 NY2d 112).

In any event, any error in the admission of the challenged statement was harmless in view of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230; *People v Pabon,* 120 AD2d 685). The consistent and persuasive testimony of an accomplice detailed the killing and the defendant's principal role in the incident, and this testimony was corroborated by other medical evidence and testimony in the case. Moreover, the defendant himself admitted the shooting in his own oral and written statements which were properly introduced into evidence. Under these circumstances, we find unavailing his claim that any error in the admission of the videotaped statement cannot be considered harmless. Sullivan, Copertino and Joy, JJ., concur.

O'Brien, J. P., concurs in the result, with the following mem-

orandum: Contrary to my colleagues, I conclude that the defendant's videotaped statement should have been suppressed. If a suspect indicates during custodial questioning that he wishes to remain silent, the interrogation must cease. The police may not, within a short period thereafter, importune the suspect to speak about the crime without a fresh set of warnings (see, People v Ferro, 63 NY2d 316, cert denied 472 US 1007; see also, People v Gary, 31 NY2d 68).

Acting upon the erroneous advice of an Assistant District Attorney, a detective resumed questioning the defendant within minutes of his refusal to answer any more questions, without readministering the Miranda warnings. The People do not dispute that this was improper. The detective informed the defendant that an accomplice had made a statement incriminating him, and he was urged to "[t]ell the DA your story then. You're the only one that can tell it". The defendant agreed to make a videotaped statement because he believed "somebody lied about him". Approximately 40 minutes later, when the videotaping began, the defendant waived his Miranda rights. The detective who improperly questioned the defendant and the Assistant District Attorney who advised him to do so were present when the defendant made his videotaped statement.

In my view, the record established that the defendant's agreement to make a videotaped statement was the product of continued, unlawful interrogation and that there was not a pronounced break in questioning which would attenuate the impropriety (cf., People v Kinnard, 62 NY2d 910; People v Brunner, 209 AD2d 532). Although the defendant's videotaped statement should have been suppressed, I agree with my colleagues that the admission of this statement was harmless error and, accordingly, concur to affirm the conviction.