■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE TORRES, Appellant. [670 NYS2d 184] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered April 29, 1993, convicting defendant, after a jury trial, of one count of manslaughter in the first degree, three counts of attempted murder in the second degree and one count of criminal possession of a weapon in the second degree, and sentencing him to a term of 7½ to 22½ years on the manslaughter conviction, to run consecutively to concurrent terms of 7½ to 22½ years on each of the attempted murder convictions and 3 to 9 years on the weapon possession conviction, unanimously affirmed.

The evidence was legally sufficient to establish defendant's guilt of the crimes charged (*People v Contes*, 60 NY2d 620) and the verdict was not against the weight of the evidence. There was ample evidence from which the jury could have inferred the mental state required for each conviction, and upon which to reject the defense of justification. Furthermore, the verdicts, which involved separate victims, were not repugnant (*People v Tucker*, 55 NY2d 1). Since we find that the evidence at trial was legally sufficient, any alleged evidentiary insufficiency before the Grand Jury is not reviewable and we do not find that there were any defects in the Grand Jury proceedings that rose to the level of impairing its integrity (*see, People v Huston*, 88 NY2d 400; CPL 210.30 [6]).

Defendant's motion to suppress statements was properly denied. Although the court stated its intention to make findings of fact and conclusions of law following the suppression hearing, which would have been the better practice, it apparently failed to do so. However, since the record provides a fully adequate basis upon which this Court may review the testimony and make its own determination, remittitur is unnecessary (*see, People v Garcia*, 219 AD2d 541, *lv denied* 88 NY2d

847; *People v Neely*, 219 AD2d 444, *lv denied* 88 NY2d 1023). The record supports the denial of defendant's motion to suppress the videotaped statement he made to an Assistant District Attorney since, rather than refusing to make any statement at all with respect to this incident, defendant merely asserted that he did not wish to be videotaped, which did not constitute an assertion of his right to remain silent (*compare, People v Hendricks*, 90 NY2d 956, *with People v Broadus*, 149 AD2d 602, *lv denied* 74 NY2d 661). After being advised that any questioning by the Assistant District Attorney had to be videotaped and after then being left alone to think about his decision, defendant made a voluntary statement to the prosecutor, after being readvised of his *Miranda* rights. Thus, there was no violation of defendant's right to remain silent.

Finally, a review of the record reveals that the court properly exercised its discretion in refusing to dismiss a juror as "grossly unqualified" (CPL 270.35 [1]; *People v Buford*, 69 NY2d 290). Concur—Nardelli, J. P., Tom, Mazzarelli, Andrias and Saxe, JJ.