■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARTINEZ, Appellant. [669 NYS2d 865] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered November 20, 1995, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Golia, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, neither the gun seized from the automobile in which he was a passenger nor the statements he made to the police were the fruits of an illegal search and seizure (see, *People v O'Neal*, 248 AD2d 561 [decided herewith]). Further, although he initially invoked his right to remain silent upon receiving his *Miranda* warnings, a request which was "scrupulously honored", the defendant then changed his mind and voluntarily made certain statements (see, *People v Kinnard*, 62 NY2d 910, 912). His voluntary statements, made hours after he invoked his right to remain silent and after the *Miranda* warnings had been reissued, were admissible (see, *People v Nisbett*, 225 AD2d 801). Consequently, the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress the gun and his statements.

Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, *People v Cabey*, 85 NY2d 417). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's prior testimony from the trial of the codefendant Norman Allen was properly admitted (see, *People v Gardner*, 237 AD2d 895; *People v Rose*, 224 AD2d 643).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.