■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN WILLIAMS, Appellant. [682 NYS2d 210] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered December 16, 1996, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Juviler, J.), of that branch of the defendant's omnibus motion which was to suppress a videotaped statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in denying that branch of his motion which was to suppress his inculpatory videotaped statement. Specifically, he argues that he unambiguously answered "no" when asked whether he was willing to answer the Assistant District Attorney's questions. However, the defendant's "no" was far from an unambiguous statement that he wished not to speak, but appears to have been a misinterpretation of the question asked him.

After the defendant was read his *Miranda* warnings and informed of his right to remain silent, the Assistant District Attorney (ADA) asked if he wished to speak to her. The defendant answered "No". The ADA said "No?", and the defendant immediately stated "Yeah, I wanna [*sic*] speak to you". The ADA confirmed that the defendant understood his rights and twice more confirmed that the defendant wished to speak to her. Under these circumstances, it seems clear that the defendant simply misunderstood the initial question.

In any event, even assuming that defendant's initial response was meant to invoke his right to remain silent, the defendant immediately changed his mind, without prompting, and agreed to speak. Thus, the court properly denied that branch of the defendant's motion which was to suppress his videotaped statement (*see, People v Kinnard,* 62 NY2d 910, 912).

Additionally, we find that the defendant was not denied due process by reason of the prosecutor's conduct at trial (*see, People v Martin,* 169 AD2d 784, 785).

The defendant's remaining contention is without merit. O'Brien, J. P., Sullivan, Pizzuto and Florio, JJ., concur.