■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEEN STANLEY, Appellant. [738 NYS2d 869] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered December 22, 1998, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (D'Emic, J.), of that branch of the defendant's omnibus motion which was to suppress his videotaped statement to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly rejected his claim that the prosecutor violated Batson

*v Kentucky* (476 US 79) by exercising his peremptory challenges in a discriminatory manner. To establish a prima facie case of discrimination in the selection of jurors, a defendant must demonstrate that "the prosecution exercised its peremptory challenges to remove one or more members of a cognizable racial group from the venire and that there exists facts and other circumstances sufficient to raise an inference that the prosecution used its peremptory challenges to exclude potential jurors because of their race" (*People v Jenkins,* 84 NY2d 1001, 1002 [internal quotation marks omitted]; *People v Childress,* 81 NY2d 263, 266). "A disproportionate number of strikes, without more, is rarely dispositive of the issue of impermissible discriminatory motive" (*People v Rodriguez,* 281 AD2d 497, 498; *see, People v Childress, supra* at 267). Here, defense counsel's bare assertion that the prosecutor had used a disproportionate number of peremptory challenges to strike potential black jurors from the jury was insufficient to establish a prima facie case of discrimination under *Batson (see, People v White,* 282 AD2d 628; *People v Rodriguez, supra*; *People v Redish,* 262 AD2d 664; *People v Collado,* 259 AD2d 626).

Furthermore, the hearing court properly found that the videotaped statement which the defendant gave to an Assistant District Attorney was voluntary. The defendant was fully apprised of his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436) before he agreed to speak on videotape. When the defendant exhibited some confusion and initially gave conflicting responses as to whether he was willing to speak, the Assistant District Attorney responded by explaining who he was, and that his role was to prosecute the case. After a short break, the defendant was once again advised of his constitutional rights, and confirmed that he was willing to speak on videotape. Under these circumstances, there is no merit to the defendant's argument that the Assistant District Attorney improperly importuned him to speak after he had unequivocally invoked his right to remain silent (*see, People v Williams,* 254 AD2d 441; *see also, People v Seda,* 289 AD2d 422; *People v Sprague,* 267 AD2d 875, 878-879).

The defendant's remaining contention is without merit. Ritter, J.P., Smith, Krausman and Townes, JJ., concur.