■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN PEARSON, Appellant. [799 NYS2d 155]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered April 20, 2001, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his written and videotaped statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his written statements to law enforcement officials. "[Q]uestions of credibility are primarily for the hearing court, and its determination is entitled to great deference on appeal unless it is clearly erroneous or unsupported by the record" (*People v Roberts*, 249 AD2d 493, 493 [1998]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Casiano*, 123 AD2d 712 [1986]). Here, there was no basis in the record for overturning the suppression court's conclusion, based on the detective's credible testimony, that the defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) and that the detective accurately recorded the defendant's oral statements.

However, the court should have suppressed the defendant's videotaped confession. *Miranda v Arizona* (*id.*, at 473-474) requires that "[i]f the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease" (*see People v Ferro*, 63 NY2d 316, 322 [1984], *cert denied* 472 US 1007 [1985]). Moreover, once invoked, the right to remain silent must be "scrupulously honored" (*Miranda v Arizona*, at 479; *see People v Ferro*, *supra*; *People v Kinnard*, 62 NY2d 910 [1984]). Notwithstanding the People's assertion to the contrary, it is evident in the videotape that the defendant, repeatedly and unequivocally, invoked his right to remain silent, and the prosecutor failed to scrupulously honor that right (*see People v Stanley*, 292 AD2d 472, 473 [2002]; *People v Fitzgerald*, 275 AD2d 720 [2000]; *People v Williams*, 254 AD2d 441 [1998]). Moreover, it is obvious from the tape that there was no pause in the prosecutor's questioning following the defendant's invocation of his right to remain silent, and no rereading of *Miranda* warnings prior to resuming questioning (*cf. People v Gary*, 31 NY2d 68, 70 [1972]; *People v Cyrus*, 170 AD2d 526 [1991]; *People v Moore*, 168 AD2d 463

[1990]). However, the error was harmless in view of the overwhelming evidence of the defendant's guilt, which included the inculpatory written statements and the corroborating testimony of various witnesses (*see People v Crimmins*, 36 NY2d 230 [1975]).

The defendant's contention that the prosecutor's remarks during his opening and summation constituted reversible error is largely unpreserved for appellate review (*see People v Dien*, 77 NY2d 885, 886 [1991]; *People v Joseph*, 298 AD2d 601 [2002]; *People v Woods*, 296 AD2d 430, 431 [2002]). In any event, the challenged remarks were either responsive to arguments made by defense counsel in his summation, constituted fair comment on or reasonable inferences drawn from the evidence, or were harmless error (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Holguin*, 284 AD2d 343 [2001]; *People v Stokes*, 282 AD2d 553, 554 [2001]; *People v Scotti*, 220 AD2d 543 [1995]; *People v Shepherd*, 176 AD2d 369, 370 [1991]; *People v Bartolomeo*, 126 AD2d 375, 390 [1987]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review, without merit, or based on material that is dehors the record. Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.