■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HERNANDEZ, Appellant. [888 NYS2d 560]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 20, 2006, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Hall, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

A suspect's right to remain silent, once unequivocally and unqualifiedly invoked, must be "scrupulously honored" (*Miranda v Arizona,* 384 US 436, 479 [1966]; *People v Ferro,* 63 NY2d 316, 322 [1984], *cert denied* 472 US 1007 [1985]). In the event that a suspect invokes his (or her) right to remain silent, "interrogation must cease" and the suspect "may not within a short period thereafter and without a fresh set of warnings be importuned to speak about the same suspected crime" (*People v Ferro,* 63 NY2d at 322; *see People v Brown,* 266 AD2d 838 [1999]).

Here, the defendant did not unequivocally invoke his right to remain silent after receiving *Miranda* warnings; he simply told the police officer that he was only willing to speak to a detective. Thus, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials (*see People v Ingram,* 19 AD3d 101, 102 [2005]; *People v Rogers,* 245 AD2d 395, 396 [1997]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Finger,* 95 NY2d 894, 895 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Hawkins,* 11 NY3d 484, 492 [2008]; *People v Contes,*

60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see Penal Law §§ 265.02, 265.03; People v Longshore, 86 NY2d 851, 852 [1995]; People v Johnson, 46 AD3d 838, 839 [2007]; People v Hilaire, 270 AD2d 359, 359-360 [2000]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645 [2006]).

To the extent that the defendant contends that the jury verdict was repugnant, that contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Alfaro, 66 NY2d 985, 987 [1985]). In any event, the verdict was not repugnant, since the defendant's acquittal on the count of murder in the second degree did not negate any of the elements of criminal possession of a weapon in the second degree or criminal possession of a weapon in the third degree (see People v Jackson, 50 AD3d 700 [2008]; People v Smith, 23 AD3d 416, 417 [2005]; People v Steward, 213 AD2d 570 [1995]).

Contrary to the defendant's contention, he was not denied the effective assistance of counsel. Viewing the record as a whole, the defendant received meaningful representation (see People v Taylor, 1 NY3d 174, 176 [2003]; People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 146-147 [1981]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85 [1982]). Santucci, J.P., Balkin, Chambers and Roman, JJ., concur.