■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD RODRIGUEZ, Appellant. [911 NYS2d 79]—

Appeal by the defendant from a judgment of the County Court, Nassau County (St. George, J.), rendered November 12, 2008, convicting him of manslaughter in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Berkowitz, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant correctly contends in his supplemental pro se brief that the County Court should have granted his request to suppress his oral and written statements given to law enforcement after he was issued *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]). "If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease" (*id.* at 473-474; *see People v Ferro*, 63 NY2d 316, 322 [1984], *cert denied* 472 US 1007 [1985]). Moreover, once invoked, the right to remain silent must be "scrupulously honored" (*Miranda v Arizona*, 384 US at 479; *see People v Ferro*, 63 NY2d 316 [1984]; *People v Kinnard*, 62 NY2d 910 [1984]). In the event that a suspect invokes his or her right to remain silent, interrogation must cease and the suspect "may not within a short period thereafter and without a fresh set of warnings be importuned to speak about the same suspected crime" (*People v Ferro*, 63 NY2d at 322; *see People v Hernandez*, 67 AD3d 703 [2009]). In this case, after initially agreeing to speak to the police, the defendant unambiguously and unequivocally invoked his right to remain silent by, inter alia, stating that he wanted to keep his story to himself (*cf. Berghuis v Thompkins*, 560 US —, —, 130 S Ct 2250, 2260 [2010]; *People v Stanley*, 292 AD2d 472 [2002]). Instead of scrupulously honoring the defendant's right to remain silent, the detectives conducting the interview continued to interrogate the defendant, urging him to tell the truth (*see People v Pearson*, 20 AD3d 575 [2005]). Contrary to the defend-

ant's contention, his later videotaped statement, made after the readministration of *Miranda* warnings, taken in a different location and by a different interviewer from his initial statements, was admissible, as it was taken after a definite, pronounced break in questioning sufficient to return the defendant to the status of one who was not under the influence of the illegal questioning (*see People v Celleri*, 29 AD3d 707 [2006]). The evidence of the defendant's guilt, without reference to the tainted statements, was overwhelming, and there is no reasonable possibility that the alleged error in admitting the tainted statements might have contributed to the defendant's conviction. Thus, any error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The defendant argues that the County Court erred in failing to instruct the jury on the defense of justification. However, contrary to his contention, the justification defense does not apply to the charge of criminal possession of a weapon in the third degree (*see People v Pons*, 68 NY2d 264, 266 [1986]; *People v Almodovar*, 62 NY2d 126, 130 [1984]; *People v Johnson*, 59 AD3d 638 [2009]; *People v Smith*, 54 AD3d 421, 422 [2008]), and no reasonable view of the evidence in this case supported such a charge with regard to manslaughter in the second degree (*see People v Cox*, 92 NY2d 1002 [1998]; *People v Butts*, 72 NY2d 746 [1988]; *People v McManus*, 67 NY2d 541, 549 [1986]; *People v Fermin*, 36 AD3d 934 [2007]; *People v McGhee*, 4 AD3d 485 [2004]; *People v Rielly*, 190 AD2d 695 [1993]).

The County Court properly declined to give the jury a missing witness charge. The defendant failed to meet his burden of establishing his prima facie entitlement to a missing witness charge, as there was no evidence that the uncalled witnesses had knowledge of a material issue or could provide noncumulative testimony (*see People v Gonzalez*, 68 NY2d 424, 427 [1986]; *Buttice v Dyer*, 1 AD3d 552 [2003]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Angiolillo, Belen and Sgroi, JJ., concur.