People v Richardson (2021 NY Slip Op 04033)





People v Richardson


2021 NY Slip Op 04033


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-00039
 (Ind. No. 16/16)

[*1]The People of the State of New York, respondent,
v
Levogie J. Richardson, appellant.


Joseph Petito, Poughkeepsie, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered November 29, 2017, convicting him of predatory sexual assault and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Prior to trial, the defendant was subjected to three examinations pursuant to CPL 730.30. In each examination, he was found fit to proceed, and in two of the examinations, he was found to be malingering to avoid prosecution. At no time during the trial did the defense attorney request another examination pursuant to CPL 730.30, or raise the issue of the defendant's competency (see People v Tortorici, 92 NY2d 757, 767).
Contrary to the defendant's contention, the County Court did not improvidently exercise its discretion in failing to, sua sponte, direct yet another examination pursuant to CPL article 730 (see People v Vasquez, 36 NY3d 1066, 1067). "The determination of whether to order a competency hearing rests in the sound discretion of the trial court" (People v Kulakov, 72 AD3d 1271, 1272). "A defendant is presumed competent and fit to stand trial, and is not entitled, as a matter of right, to have the question of capacity to stand trial passed upon unless the trial court is satisfied from the available information that a proper basis exists for questioning the defendant's sanity" (People v Clark, 189 AD3d 1453, 1455-1456). Here, the court was entitled to give weight to the findings and conclusions of the defendant's prior examinations that the defendant was malingering to avoid prosecution (see People v Forrest, 186 AD3d 1395, 1397).
Prior to his arrest, the defendant, after waiving his Miranda rights (see Miranda v Arizona, 384 US 436, 473-474), was interviewed by the police, and the interview was recorded. Once a defendant has been read the Miranda warnings, "[i]f the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease" (id. at 473-474). "Moreover, the rule being designed to counteract the coercive pressure of the custodial setting, a suspect's right to remain silent, once invoked, must be 'scrupulously [*2]honored'" (People v Ferro, 63 NY2d 316, 322, quoting Miranda v Arizona, 384 US at 479). "It is well settled, however, that, in order to terminate questioning, the assertion by a defendant of his right to remain silent must be unequivocal and unqualified" (People v Morton, 231 AD2d 927, 928). Here, the County Court correctly determined that the defendant did not unequivocally invoke his right to remain silent until he stated, "this conversation is over." Accordingly, the court did not err in determining that the statements made prior to that pronouncement should not be suppressed.
The evidence admitted at the trial included the complainant's identification of the defendant as his assailant, and the defendant's statements to police made prior to his invocation of his right to remain silent. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the second count of sexual abuse in the first degree should have been dismissed as multiplicitous of the first count of sexual abuse in the first degree is unpreserved for appellate review (see People v Smith, 113 AD2d 905, 907), and, in any event, without merit. "An indictment is multiplicitous when a single offense is charged in more than one count" (People v Jagdharry, 118 AD3d 722, 723). Here, the two counts were not multiplicitous, as the complainant testified as to two separate acts which did not constitute a single, uninterrupted occurrence (see People v Hernandez, 171 AD3d 791, 792-793).
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court