People v Johnson (2026 NY Slip Op 01803)

People v Johnson

2026 NY Slip Op 01803

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
DONNA-MARIE E. GOLIA
PHILLIP HOM, JJ.

2022-05203
 (Ind. No. 2232/20)

[*1]The People of the State of New York, respondent,
vJ'von Johnson, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom Twersky, and Keerthana Nunna of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered June 27, 2022, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him, as a second violent felony offender, to a determinate term of imprisonment of 25 years on the conviction of attempted murder in the second degree, to be followed by 5 years of postrelease supervision, and a determinate term of imprisonment of 15 years on the conviction of criminal possession of a weapon in the second degree, to be followed by 5 years of postrelease supervision, with the terms of imprisonment to run consecutively to each other. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is modified, on the law, by providing that the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant was convicted, after a jury trial, of attempted murder in the second degree and criminal possession of a weapon in the second degree in connection with a shooting incident in Brooklyn.
"Once a defendant has been read the Miranda warnings, '[i]f the individual indicates in any manner, at any time prior to or during questioning, that he [or she] wishes to remain silent, the interrogation must cease'" (People v Richardson, 195 AD3d 949, 950, quoting Miranda v Arizona, 384 US 436, 473-474). "A suspect's right to remain silent, once unequivocally and unqualifiedly invoked, must be 'scrupulously honored'" (People v Brown, 266 AD2d 838, 838, quoting Miranda v Arizona, 384 US at 479; see People v Ferro, 63 NY2d 316, 322). "In the event that a suspect unequivocally invokes his or her right to remain silent, interrogation must cease and the suspect 'may not within a short period thereafter and without a fresh set of warnings be importuned to speak about the same suspected crime'" (People v Vinson, 199 AD3d 942, 943, quoting People v Ferro, 63 NY2d at 322; see People v Hernandez, 67 AD3d 703, 703).
Here, the defendant unequivocally invoked his right to remain silent after receiving Miranda warnings (see People v Sullivan, 239 AD3d 1371, 1373), and the detectives conducting the interview with the defendant failed to scrupulously honor that right (see People v Kollar, 305 AD2d 295, 298; People v Brunner, 209 AD2d 532, 533). There was no pause before the detectives began questioning the defendant following his invocation of his right to remain silent and no rereading of [*2]the Miranda warnings (see People v Pearson, 20 AD3d 575, 576; People v Broadus, 149 AD2d 602, 603). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to suppress his statements to law enforcement officials.
Nevertheless, under the circumstances of this case, the error in the admitting the defendant's statements was harmless. The evidence of the defendant's guilt, without reference to the error, was overwhelming. The evidence at trial included, inter alia, a surveillance video compilation, which showed the shooter continuously before, during, and after the shooting, and provided a clear view of the shooter's face. Additionally, a detective testified that, at the time of the defendant's arrest, the defendant was wearing, or had possession of, a hoodie with distinctive markings, which the detective recognized as the same hoodie worn by the shooter in the surveillance video. Accordingly, there was overwhelming evidence of the defendant's guilt (see People v Stewart, 241 AD3d 1179, 1181), and no reasonable possibility that the error contributed to his conviction (see People v Crimmins, 36 NY2d 230, 237; People v Pearson, 20 AD3d at 577).
However, the sentence imposed on the conviction of criminal possession of a weapon in the second degree under Penal Law § 265.03(1)(b) must run concurrently with the sentence imposed on the conviction of attempted murder in the second degree. The People did not prove that the defendant had any unlawful intent that was separate from his intent to shoot the victim (see People v Wright, 19 NY3d 359, 366-367; People v Smith, 163 AD3d 1005, 1006). Accordingly, the Supreme Court should not have imposed consecutive sentences.
The sentence imposed, as modified, was not excessive (see People v Suitte, 90 AD2d 80).
In light of our determination, we need not reach the defendant's remaining contentions.
GENOVESI, J.P., WARHIT, GOLIA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court